IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-11-FL

| | |
|---|---|
| MARY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 19). Defendant has responded in opposition only as to the amount and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted, subject to the limitations set forth herein.

## BACKGROUND

Plaintiff commenced this action January 11, 2023, seeking judicial review of the denial of her application for disability benefits. Plaintiff filed a motion for judgment on the pleadings, defendant responded in opposition, and plaintiff replied. Thereafter, United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), wherein it was recommended that plaintiff's motion be allowed and the case remanded to defendant for further proceedings. Defendant did not file objections to the M&R, and the court adopted it upon clear error review March 7, 2024.

Thereafter, plaintiff filed the instant motion seeking $15,963.79 in fees, and $402.00 in costs, based upon 70 hours of professional time (at a $232.67 hourly rate for attorney time in 2022, $243.13 hourly rate for attorney time in 2023 and 2024, and $100.00 for paralegal time). Plaintiff relies upon a memorandum in support, time records, and affidavit of counsel Howard D. Olinsky. Defendant responded in opposition, seeking a reduction to 34.35 hours and $7,922.13 in fees. Plaintiff replied, conceding a reduction of $280.00 (for 2.8 hours of paralegal time), and seeking an additional $1,869.90 (for 7.5 hours attorney time) for preparation of her EAJA reply brief at an hourly rate of $249.32, bringing the total sought to $17,553.69 in fees for 74.7 hours of professional time.

## COURT'S DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, defendant concedes that plaintiff was the prevailing party, that defendant's position in the underlying litigation was not substantially justified, and that plaintiff's petition is timely. Defendant also does not context the hourly rate sought by counsel. However, defendant argues the numbers of hours for which plaintiff seeks compensation is excessive and warrants reduction.

"The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,'" and "is charged with the duty to ensure that the final award is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "[T]he fee applicant bears

2

the burden of establishing entitlement to an award and documenting the appropriate hours expended." Id. at 437. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id.

The "district court also should exclude from [a] fee calculation hours that were not reasonably expended." Id. at 434. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. Other relevant factors include the experience and skill of the attorneys, as well as the novelty and complexity of the issues presented, in comparison to other Social Security cases. See id.; Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986); see, e.g., Lewis v. Kijakazi, No. 7:21-CV-69-FL, 2022 WL 2128558, at *2 (E.D.N.C. May 26, 2022) (determining the number of hours claimed is "out of proportion to other cases of similar record size and complexity"). Likewise, the court must reduce compensable hours claimed if for paralegal tasks or clerical tasks normally performed by non-attorneys. See Hyatt, 315 F.3d at 255.

In addition, "[t]he extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees requested." Id. at 254 (citing Hensley, 461 U.S. at 440). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" Id. (quoting Hensley, 461 U.S. at 440)). "Where a lawsuit consists of related claims, [and] . . . where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. Moreover, "fairness and reasonableness dictate that the SSA may only be held liable for attorneys' fees and expenses fairly attributable to the unjustified positions taken by the SSA." Hyatt, 315 F.3d at 254.

3

The court now turns to application of these principles and guidelines to the fees claimed by plaintiff.

Defendant argues that the number of compensable hours should be reduced because plaintiff engaged in block billing, she seeks an award based upon duplicative and inefficient billing, the amount of hours is not commensurate with the novelty and complexity of the issues involved, and plaintiff seeks fees for non-compensable clerical/administrative tasks. The court agrees with defendant in part.

With respect to block billing, the documentation of hours by plaintiff is inadequate in only one entry. In particular, plaintiff seeks 5.3 hours for "Review [record], briefs, draft Plaintiff's reply," on July 24, 2023. (DE 20-3 at 3). This entry constitutes "block billing" because it involves "lumping tasks together in time entries rather than making such entries task-by-task," warranting a percentage reduction because of inadequate documentation. McAfee v. Boczar, 738 F.3d 81, 90 (4th Cir. 2013) (noting 10 percent reduction made by district court for block billing). Accordingly, the court reduces this entry by .5 hours, to 4.8 hours, for block billing. Contrary to defendant's argument, remaining time entries are adequate with respect to block billing, where, for example, entries for "review of . . . record" are segregated from entries for "researching issues and drafting," and the latter are overlapping tasks. (E.g. DE 20-3 at 2-3).

Concerning duplicative billing, the documentation of hours by plaintiff is inadequate, again, in only one entry. In particular, .1 hours is attributed to "review order adopting recommendation and remanding case for further proceedings," on March 7, 2024, which is a reasonable amount of time where that order is only a half page in length. (DE 20-3 at 3). That same task is repeated, however, without any justification, on March 11, 2024, for .5 hours. (Id.) Accordingly, the court reduces the compensable time by .5 hours for this duplicative entry.

4

Otherwise, plaintiff requests modest amounts of time for supervising attorney review and edits, not overlapping with tasks undertaken by the primary drafting attorney, and plaintiff has already reduced some entries to account for local counsel review. (See DE 20-3 at 2-3). Accordingly, further reduction for duplicative work is not warranted.

Next, the court agrees with defendant in part that the total amount of attorney hours is not fully commensurate with the novelty and complexity of the issues involved in this case. Notably, 52.7 hours spent on reviewing the record and preparing the opening brief, alone, is at the high end of the typical total amount of time reasonably spent on Social Security cases in this district and circuit. See, e.g., Dixon v. Astrue, No. 5:06-CV-77-JG, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008) (noting the "typical EAJA fee application in social security cases" is between 30 to 40 hours, and reducing compensable attorney hours from 75 to 25); Sloan v. Colvin, No. 5:12-CV-388-D, 2013 WL 5674989, at *1 (E.D.N.C. Oct. 17, 2013) (holding that "request for $12,112.09 for 66.6 hours of work is far higher than the typical recovery in similar cases and is excessive," and reducing to 30 compensable hours); Johnson v. Saul, No. 5:18-CV-00152-FDW, 2020 WL 6065308, at *3 (W.D.N.C. Oct. 14, 2020) (reducing requested award from 44 to 27 hours, with 508 page record); Fryar v. Saul, No. 7:19-CV-198-RJ, 2021 WL 769664, at *4 (E.D.N.C. Feb. 26, 2021) (noting 40 hours "generally . . . is the upper limit of a reasonable amount of time to spend on a social security case without complex issues," and finding reasonable 40.7 hours spent on review of record and drafting brief, with over 3,000 page record); Lewis v. Kijakazi, No. 7:21-CV-69-FL, 2022 WL 2128558, at *2 (E.D.N.C. May 26, 2022) (reducing total compensable time from 57.1 hours to 45.1 hours, with 1,614 page record); Pruitt v. Comm'r of Soc. Sec., No. 5:20-CV-00055-RJC, 2022 WL 3205180, at *3 (W.D.N.C. Aug. 8, 2022) (awarding $10,517.91 in attorney fees for 50.2 hours of work, with over 3,000 page record); Pettit v. O'Malley, No. 5:22-

CV-482-FL, 2024 WL 3852130, at *4 (E.D.N.C. Aug. 16, 2024) (reducing total compensable attorney time from 64 hours to 47 hours, with 1,169 page record and three prior administrative law judge ("ALJ") decisions).

While this case is not as limited as defendant suggests, it is also not as complex as plaintiff contends. On the one hand, the legal issues involved in this case were not novel. Plaintiff sought review on a single issue whether the ALJ "failed to properly evaluate the opinion evidence," pertaining to two providers, Miriam Selph, Psy.D., and Kimberly Stabingas, PA. (Pl's Mem. (DE 12) at 1). Review of an ALJ's treatment of medical opinions in the record is a commonly litigated issue in social security cases. On the other hand, the transcript is lengthy, totaling 2858 pages, and the analysis in plaintiff's opening brief spans 18 pages, with detailed citations to the record. (See id. at 12-30). At the same time, the court takes into account the relatively focused time period of the record, and the straightforward nature of the analysis in the M&R recommending remand due to the ALJ's inadequate explanation. (M&R (DE 16) at 7-15).

With this understanding of the complexity and novelty of the case in mind, the court turns to evaluation of specific categories of time claimed. Plaintiff claims 28.1 hours of attorney time spent for "review of certified administrative record, take notes, [and] organize facts." (DE 20-3 at 2). While the court recognizes such tasks involving review of the record are vital to developing arguments, the 28.1 hours of time spent on this category in this case is excessive when considered in addition to 7 hours spent "drafting procedural history and facts," and 16.1 hours of "researching issues and drafting arguments." (Id.).

Plaintiff suggests that a "1-2 page per minute" ("ppm") rate is appropriate for attorney review of a record, noting that reading a 2,858-page record would take a reasonable person between approximately 47 hours at 1 ppm and 23 hours at 2 ppm, well encompassing the 28.1

6

hours claimed here. (Pl's Reply (DE 24) at 2). Under the circumstances of this case, however, this measure is unhelpful and unrealistically leads to an inflated number of hours. In fact, plaintiff notes that, in 2015, the Social Security Administration required "all records be submitted, not just relevant records," and that this change "has resulted in record sizes growing exponentially." (Id. at 1-2). While plaintiff contends this supports "additional review time to ensure no viable issues are inadvertently waived," it also suggests that large portions of the record require considerably less time per page. (Id. at 2). Indeed, the contents of many pages in the instant record are not in narrative form, for example, but in the form of tables, lists, and other figures, of often repetitive medical history, medications, and test results. (See, e.g., Tr. (DE 6) 1192-1217, 1223-1228, 1258-1278, 1282-1374). Thus, a 1-2 ppm rate overstates the time needed to review the record under the circumstances presented here. The court applies instead a 2.5 ppm rate, and reduces the time reasonably spent on record review from 28.1 hours to 19 hours.

The court also finds 7 hours spent "[d]rafting procedural history and facts" is not an efficient use of attorney time. (DE 20-3 at 2). Plaintiff argues that no reduction is warranted because Local Civil Rule 7.2(a)(2) requires a fact summary, and the facts in the summary in her brief are "immediately utilized within the subsequent 18 pages of argument." (Pl's Reply (DE 24) at 4). However, plaintiff's time entries for record review already include a component comprising "take notes and organize facts," and an additional 7 hours spent drafting procedural history and facts is thus not justified for the needs of the case. (Id.). Moreover, the local rules do not require a nearly 10-page recitation of facts in a 30 page brief, but rather a "concise statement of the facts that pertain to the matter before the court for ruling." Local Rule 7.2(a)(2). Accordingly, the court reduces the time spent for "[d]rafting procedural history and facts" by 50% from 7 to 3.5 hours.

7

The court next turns to the total time spent drafting and finalizing the opening brief, which totals 21.1 hours with the foregoing reductions already applied. In light of the court's findings above regarding the novelty and complexity of issues presented, the court applies a modest additional reduction of 2 hours, or approximately 10% of this amount. Defendant has not demonstrated that any further reduction is warranted for time spent on the opening brief. Defendant suggests, for example, comparison to Gibby v. Astrue, No. 2:09CV29, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012), where the court determined "an attorney experienced in this field should have been able to review the administrative record and produce a brief in a case such as this one within twenty-five hours." Gibby, however, is not helpful beyond a general guidepost, because it provides no analysis of the length of the administrative record, the number or type of issues in dispute, or the length of the brief in that case.

Turning to the reply brief, incorporating the .5 hour reduction already applied for block billing, time spent totals 5.8 hours, including senior attorney review. Defendant argues a further reduction is warranted because plaintiff "repeated the same argument in her reply brief" that she made in her opening brief. (Def's Mem. (DE 23) at 7). This is not correct. The reply brief in fact addresses arguments made by defendant, in multiple respects, and it points out their asserted shortcomings and issues left unaddressed, over the course of 7 pages of analysis. (Pl's Reply (DE 15) at 1-7). Therefore, defendant has not demonstrated a reduction for the reply brief is warranted.

Next, defendant has not demonstrated any reduction in paralegal time is warranted beyond the 2.8 hours already conceded by plaintiff, where the challenged tasks involving review of documents from referral source, and preparation and completion of contractual documents, required legal knowledge and skill under the specific circumstances of this case.

8

Finally, the court has considered defendant's additional suggestions for reduction of time and finds that they do not warrant further reduction in hours beyond those already made. In balancing other factors in determining the fee award, the court also is cognizant that plaintiff was successful in obtaining remand on the basis of both medical opinions she addressed in her opening brief and reply brief. Likewise, the court finds 7.5 hours of time preparing the detailed 10-page EAJA reply brief is reasonable and commensurate with the issues raised by defendant's response to the instant motion.

Accordingly, for time spent prior to the EAJA reply brief, the court reduces 70 hours requested to 51.6 hours, as follows: 1) 1 hour of attorney time in 2022, at $232.67 per hour, remains $232.67; 2) 61.7 hours of attorney time spent in 2023-2024 is reduced by 15.6 hours (combining reductions herein of .5, .5, 9.1, 3.5, and 2 hours), to 46.1 hours, at $243.13 per hour,[1] yielding $11,208.29; 3) 7.3 hours of paralegal time is reduced by 2.8 hours to 4.5 hours, at $100 per hour, yielding $450.00. Thus, fees requested prior to the EAJA reply brief are reduced from $15,963.79 to $11,890.96. To this amount, the court adds 7.5 hours for the EAJA reply brief, at a rate of $249.32 per hour, or $1,869.90, resulting in a total EAJA fee award of $13,760.86.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA (DE 19) is GRANTED, with the amount limited to the extent set forth herein. In particular, the court AWARDS plaintiff $13,760.86 in fees, plus $402.00 in costs, under the EAJA. Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt plaintiff may owe to the United States. Defendant will determine whether plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made

---

[1] Plaintiff seeks the same hourly rate for this time spent in 2023 and 2024. (See Pl's Mot. (DE 20) at 2).

9

payable to plaintiff and mailed to plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that plaintiff does not owe a federal debt, defendant will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees directly to plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

SO ORDERED this 23rd day of August, 2024.

LOUISE W. FLANAGAN
United States District Judge